United States Bankruptcy Court

Middle District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-02421-MJC |
| David Dillon Thompson | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0314-5 | User: AutoDocke | Page 1 of 1 |
| Date Rcvd: May 08, 2023 | Form ID: pdf010 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**
+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 10, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| 5511555 | + | QL Titling Trust Ltd, 9830 Bauer Drive, Carmel IN 46280-1972 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2023    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 8, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor QL Tilting Trust LTD/Quality Leasing Co. Inc. bnicholas@kmllawgroup.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| John Fisher | on behalf of Debtor 1 David Dillon Thompson johnvfisher@yahoo.com  fisherlawoffice@yahoo.com |
| Michael Patrick Farrington | on behalf of Creditor J. WARD HOLLIDAY & ASSOCIATES P.C. mfarrington@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | **Chapter 13** |
| | : | |
| **David Dillon Thompson,** | : | **Case No. 5:22-02421-MJC** |
| | : | |
| **Debtors.** | : | |

## ORDER SUSTAINING DEBTOR'S OBJECTION
## TO PROOF OF CLAIM NO. 1 OF QL TITLIING TRUST, LTD

**AND NOW, WHEREAS,**

A. On March 17, 2023, Debtor filed an Objection to Proof of Claim No. 1 of QL Titling Trust LTD ("Objection"), Dkt. # 22.

B. Debtor's Objection alleges that Proof of Claim No. 1 ("Claim"), as filed by QL Titling Trust LTD ("Claimant") on January 31, 2023, violates Fed. R. Bank. P. 3001(c)(1) in that the Claim is based upon a writing and Claimant failed to attach any writings. The Objection requests that the Claim be denied in its entirety, or, in the alternative, be significantly reduced and Debtor be awarded attorney fees and expenses.

C. The Claim is based upon Debtor's personal guaranty of Claimant's financing of a 2019 Freightliner Cascadia tractor ("Tractor") owned and financed by a limited liability company of which the Debtor is the sole member ("LLC").

D. Claimant responded to the Objection on April 17, 2023 ("Response"), Dkt. # 26. Claimant's Response indicates that because of the LLC's default, Claimant repossessed the Tractor and it was awaiting an auction sale. Claimant did not immediately sell the Tractor because it was concerned of a stay violation as the Tractor was listed as an asset of Debtor. Id. at ¶ 9. Claimant

1

also asserts that it filed the Claim containing the deficiency calculation pre-sale "in order to beat the bar date of February 24, 2023." Id. at ¶ 5.[1]

E. Claimant filed an Amended Proof of Claim, Claim # 1-2, on April 26, 2023 ("Amended Claim"), and attached several documents in support of the Claim.

F. The Court held a hearing on May 4, 2023, at which Counsel for the parties appeared and argued their respective positions based upon the documents filed in this case.[2]

G. Based upon the record and after argument by counsel, the Court makes the following findings of fact:

   a. On December 16, 2022, Debtor filed a voluntary Chapter 13 bankruptcy petition. Dkt. # 1.

   b. Debtor's LLC owns the Tractor and Debtor's interest in the LLC is separately listed in his Schedules.

   c. Debtor also listed the Tractor as an asset owned by Debtor on his Schedule A/B, exempted the Tractor on Schedule C,[3] and listed Claimant's debt on Schedule D as a secured claim that was contingent and non-liquidated.[4] See Dkt. # 1.

   d. The original Claim was in the amount of $120,457.83 and based upon "David Thompson is the guarantor of our equipment finance agreement."

---

[1] The Court is not sure what is meant by Claimant's statement that by filing the Claim on January 31, it would "beat" the Bar date of February 24, 2023 which was over 3 weeks later.

[2] Although no testimony was provided, the Court can take judicial notice of the documents filed in this case. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n. 3 (3d Cir.1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally Nantucket Investors II v. California Federal Bank. (In re Indian Palms Assoc., Ltd.), 61 F.3d 197 (3d Cir. 1995).

[3] Curiously, Debtor exempted the Tractor under 11 U.S.C. §522(d)(2) and (d)(5) but the amount of exemption was $0.00 for each exemption.

[4] The Claim is listed as not disputed.

2

Case 5:22-bk-02421-MJC    Doc 33    Filed 05/10/23    Entered 05/11/23 00:23:09    Desc
Imaged Certificate of Notice    Page 3 of 6

e. The only attachment to the original Claim was a printout of a computer screen from Claimant regarding Debtor's account.

f. The Claimant filed the Amended Claim and attached: (i) a copy of a financing agreement indicating the LLC is the borrower and Debtor is a personal guarantor, (ii) a Certificate of Title indicating the Tractor was titled in the name of the LLC, and (iii) a Proof of Claim Worksheet.

g. The Claimant's Worksheet indicates, <u>inter alia</u>, that the Net Amount Due is $120,457.83, the collateral value is $120,458.00, and the Claim is subject to amendment upon sale of the Tractor to include any deficiency, plus costs and fees.

H. The Court makes the following conclusions of law:

a. Fed. R. Bank. P. 3001(c)(1), provides that when a claim is based on a writing, "a copy of the writing shall be filed with the proof of claim."

b. Fed. R. Bank. P. 3001(c)(2)(D), provides:

> (D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
>
> > (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> >
> > (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

c. Pursuant to Rule 3001, where a creditor fails to attach the required writing(s) to a proof of claim, a bankruptcy court may sanction that creditor under Fed. R. Bank. P. 3001(c)(2)(D). As my predecessor Judge Opel found, "[t]he inclusion of the word 'may' grants me discretion in determining whether or not to impose one of two types

3

of sanctions provided in Rule 3001(c)(2)(D)." Nicholson v. eCast Settlement Corporation, 602 B.R. 295, 302 (Bankr. M.D. Pa. 2019).

d. Accordingly, the remedies for violating Rule 3001(c), are limited to (i) precluding a claimant from presenting any omitted information unless it is determined that the failure was substantially justified or harmless, or (ii) award appropriate relief, including attorneys' fees and costs caused by the claimant's failure to attach the required documents. See Id.

I. The Court concludes that Claimant did not attach the required documents in violation of Fed. R. Bank. P. 3001(c)(1) and there was no "substantial justification" for such failure. In its Response, Claimant seems to assert that it was trying to "beat" the bar date deadline and, accordingly, did not have time to attach the documents. But, as set forth above, the bar date was over 3 weeks away from the date of the filing of the Claim and the documents were attached to the Amended Claim.

J. Given that Debtor, through counsel, was forced to file an objection and appear at a hearing, I cannot find that Claimant's violation was "harmless".

K. Therefore, the Court will grant alternative relief under Rule 3001(c)(2)(D) in the form of reasonable attorney's fees and costs.[5]

Accordingly, it is hereby **ORDERED** that:

1. Debtor's Objection to Proof of Claim No. 1 of QL Titling Trust LTD is **SUSTAINED**.

---

[5] Debtor requested that the Claim be disallowed; however, Rule 3001(c)(2)(D) does not provide for the disallowance of a claim as a permissible remedy. See In re Bobe, 635 B.R. 435, 442 (Bankr. D. N.J. 2021); Nicholson, 602 B.R. at 302. Consequently, the form of relief Debtor requests is not available under Rule 3001(c)(2)(D).

4

2. Debtor may file a bill of fees and costs **on or before May 22, 2023**. Claimant may file any response/objection within 14 days of the submission of the bill of costs. If unopposed, the Court may enter an Order allowing the fees and costs, and if opposed, the Court will schedule a hearing.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: May 8, 2023